IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIM TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 3:20-CV-00067-M |
| SHUN YA LLC and JUNMA LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

COMES NOW, KIM TURNER, by and through the undersigned counsel, and files this, her Amended Complaint against Defendants, SHUN YA LLC and JUNMA LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").    In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2.    Plaintiff, KIM TURNER (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3.    Plaintiff is disabled as defined by the ADA.

4.    Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing.

1

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months after it is accessible ("Advocacy Purposes")

7.      Defendant, SHUN YA LLC (hereinafter "SHUN YA LLC") is a Texas limited liability corporation that transacts business in the State of Texas and within this judicial district.

8.      Defendant, SHUN YA LLC, may be properly served with process via its registered agent for service, to wit:  M J Chau & Associates, PLLC, Registered Agent, 4545 Firewheel Drive, Plano, TX  75024.

9.      Defendant, JUNMA LLC (hereinafter "JUNMA LLC"), is a Texas limited liability corporation that transacts business in the State of Texas and within this judicial district.

10.      Defendant, JUNMA LLC, may be properly served with process via its registered agent for service, to wit:  M J Chau & Associates, PLLC, Registered Agent, 4545 Firewheel Drive, Plano, TX  75024.

## FACTUAL ALLEGATIONS

11.      On or about March 18, 2019, Plaintiff was a customer at "Yama Izakaya & Sushi," a business located at 2625 Old Denton Road, Carrollton, TX  75007 referenced herein as the "Yama Izakaya & Sushi."

12.    Plaintiff again visited Yama Izakaya & Sushi as a customer and for advocacy purposes on December 20, 2019.

13.    SHUN YA LLC is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Yama Izakaya & Sushi.

14.    JUNMA LLC is the owner or co-owner of the real property and improvements that Yama Izakaya & Sushi is situated upon and that is the subject of this action, referenced herein as the "Property."

15.    Plaintiff has visited Yama Izakaya & Sushi and the Property twice before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Yama Izakaya & Sushi and the Property within six months after the barriers to access detailed in this Amended Complaint are removed and Yama Izakaya & Sushi and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when Yama Izakaya & Sushi Store and the Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

16.    Plaintiff intends on revisiting Yama Izakaya & Sushi and the Property to purchase goods and/or services as a return customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

17.    Plaintiff's access to the business(es) located at 2625 Old Denton Road, Carrollton, TX  75007, Dallas County Property Appraiser's parcel number 140409000A0010500 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited

3

because of her disabilities, and she will be denied and/or limited in the future unless and until

Defendants, SHUN YA LLC and JUNMA LLC, are compelled to remove the physical barriers to

access and correct the ADA violations that exist at Yama Izakaya & Sushi and the Property,

including those set forth in this Amended Complaint.

18.    Plaintiff travelled to Yama Izakaya & Sushi and the Property as a customer and as

an independent advocate for the disabled twice, encountered the barriers to access at Yama

Izakaya & Sushi and the Property that are detailed in this Amended Complaint twice, engaged

those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and

injury as a result of the illegal barriers to access present at Yama Izakaya & Sushi and the

Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42

U.S.C. § 12101 *et seq.*

20.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental
       disabilities, and this number is increasing as the population as a whole is
       growing older;

(ii)   historically, society has tended to isolate and segregate individuals with
       disabilities, and, despite some improvements, such forms of discrimination
       against individuals with disabilities continue to be a serious and pervasive
       social problem;

(iii)  discrimination against individuals with disabilities persists in such critical
       areas as employment, housing public accommodations, education,
       transportation, communication, recreation, institutionalization, health
       services, voting, and access to public services;

(iv)   individuals with disabilities continually encounter various forms of
       discrimination, including outright intentional exclusion, the discriminatory
       effects of architectural, transportation, and communication barriers,

overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.    Congress explicitly stated that the purpose of the ADA was to:

(i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.    Yama Izakaya & Sushi is a public accommodation and service establishment.

25.    The Property is a public accommodation and service establishment.

26.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

28.    Yama Izakaya & Sushi must be, but is not, in compliance with the ADA and ADAAG.

29.    The Property must be, but is not, in compliance with the ADA and ADAAG.

30.     Plaintiff has attempted to, and has to the extent possible, accessed Yama Izakaya & Sushi and the Property in her capacity as a customer of Yama Izakaya & Sushi and the Property and as an independent advocate for the disabled on two separate occassions, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Yama Izakaya & Sushi and the Property that preclude and/or limit her access to Yama Izakaya & Sushi and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Amended Complaint.

31.    Plaintiff intends to visit Yama Izakaya & Sushi and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Yama Izakaya & Sushi and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Yama Izakaya & Sushi and the Property that preclude and/or limit her

access to Yama Izakaya & Sushi and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Amended Complaint.

32. Defendants, SHUN YA LLC and JUNMA LLC, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Yama Izakaya & Sushi and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, SHUN YA LLC and JUNMA LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, SHUN YA LLC and JUNMA LLC, are compelled to remove all physical barriers that exist at Yama Izakaya & Sushi and the Property, including those specifically set forth herein, and make E Yama Izakaya & Sushi and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Yama Izakaya & Sushi and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of  Yama Izakaya & Sushi and the Property include, but are not limited to:

    **(a)**    **ACCESSIBLE ELEMENTS:**

(i) Near Yama Izakaya & Sushi, one (the western accessible parking space) accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation made it

dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)     Near Yama Izakaya & Sushi, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)    Near Yama Izakaya & Sushi, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv)    Near Yama Izakaya & Sushi, the accessible parking spaces are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v)     In Yama Izakaya & Sushi, the sushi bar is lacking any portion of the eating surface that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the sushi bar.

(vi)    In Yama Izakaya & Sushi, the to-go/take-out counter lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of

the to-go/take-out counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(vii)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

## YAMA IZAKAYA RESTROOMS

(i)    The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)    The restroom door requires an opening force in excess of 5lbs (five pounds) in violation of Section 309.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(v)    The height of the upper surface of the sink rim exceeds 34 inches in height from the finished floor in violation of Section 606.3 of the 2010 ADAAG standards.

9

This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(vi)   The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(i)    The height of the top of the toilet seat is above the maximum height of 19 (nineteen) inches in violation of Section 604.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Yama Izakaya & Sushi and the Property.

36.    Plaintiff requires an inspection of Yama Izakaya & Sushi and the Property in order to determine all of the discriminatory conditions present at Yama Izakaya & Sushi and the Property in violation of the ADA.

37.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.    All of the violations alleged herein are readily achievable to modify to bring Yama Izakaya & Sushi and the Property into compliance with the ADA.

39.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Yama Izakaya & Sushi and the Property is readily achievable

because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Yama Izakaya & Sushi and the Property is readily achievable because Defendants, SHUN YA LLC and JUNMA LLC, have the financial resources to make the necessary modifications.  According to the Dallas County Property Appraiser, the market value of the Property is listed as $1,194,680.00.

41.     Upon information and good faith belief, Yama Izakaya & Sushi and the Property have been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, SHUN YA LLC and JUNMA LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Yama Izakaya & Sushi and the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, SHUN YA LLC and JUNMA LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant

injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SHUN YA LLC and JUNMA LLC, to modify Yama Izakaya & Sushi and the Property to the extent required by the ADA.

    48.    Pursuant to the Scheduling Order [D.E 10, ¶3], attached is the original Complaint with a red-lined version of the Complaint showing which paragraphs have been revised. *See* Red-Lined Complaint attached as Exhibit 1.

    WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant, SHUN YA LLC, in violation of the ADA and ADAAG;

(b)    That the Court find Defendant, JUNMA LLC, in violation of the ADA and ADAAG;

(c)    That the Court issue a permanent injunction enjoining Defendants, SHUN YA LLC and JUNMA LLC, from continuing their discriminatory practices;

(d)    That the Court issue an Order requiring Defendants, SHUN YA LLC and JUNMA LLC, to (i) remove the physical barriers to access and (ii) alter the subject Yama Izakaya & Sushi and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)    That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 16, 2020.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES


Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
KIM TURNER

13